UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHMIDT,<br><br>       Plaintiff,<br><br>    v.<br><br>RODRIGUES, et al.,<br><br>       Defendants. | Case No.: 1:14-cv-01092-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Mark Schmidt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on July 14, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On August 8, 2013, at approximately 0741 hours, Plaintiff was cleaning the glue rollers on the Black Brothers Adhesive Spreader. Plaintiff's hand became caught between the rollers, and his thumb, index, and middle fingers were smashed, which resulted in the amputation of his index finger. The Defendants all share equal blame for allowing safety switch/brackets that shut off the machine to be bypassed or turned off. The Defendants chose production over maintenance of the machine. An investigation was conducted by Occupational Safety and Health Administration (OSHA), and this machine, along with several others, were "red tagged" for numerous safety violations.

## III.

## DISCUSSION

**A.     Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

1 in any jail, prison, or other correctional facility until such administrative remedies as are available are
2 exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative
3 remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d
4 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner
5 and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and
6 the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516,
7 532 (2002).

8      The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under
9 which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at
10 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119
11 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is generally subject to a
12 motion for summary judgment, unless the lack of exhaustion is clear from the face of the complaint in
13 which dismissal for failure to state a claim is appropriate. Albino, 747 F.3d at 1169-1170. If the
14 Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.
15 Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

16      The California Department of Corrections and Rehabilitation (CDCR) has an administrative
17 grievance system for prisoners to appeal any departmental decision, action, condition, or policy having
18 an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process
19 was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15,
20 § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or
21 of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal
22 may be involved, including the informal level, first formal level, second formal level, and third formal
23 level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a),
24 California state prisoners are required to use this process to exhaust their claims prior to filing suit.
25 Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.

26      In this instance, on the civil rights complaint form, Plaintiff indicates that the administrative
27 remedies have been exhausted, however, he explains that "the action [he] is appealing was not within
28 the jurisdiction of the department (CDCR), or within their scope." (Compl. at 2, ECF No. 1.)

It is unclear whether Plaintiff has exhausted the administrative remedies prior to filing the instant complaint. As stated above, exhaust of the administrative remedies is a prerequisite to filing a section 1983 complaint relating to prison conditions in this Court. See Porter v. Nussle, 534 U.S. at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.") Thus, to the extent Plaintiff has not exhausted the administrative remedies as to the claims raised in the instant complaint, the complaint is subject to dismissal without prejudice.

**B.   Eighth Amendment-Deliberate Indifference to Inmate Safety**

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-527 (1984)). An Eighth Amendment claim entails two requirements. First, the deprivation alleged must be, objectively, "sufficiently serious"; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishment Clause, a prison official must have a "sufficiently culpable state of mind." In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety. Id. at 834. A prison official is "deliberately indifferent" if the official acted or failed to act despite his knowledge of a substantial risk of serious harm. Id. at 842.

"More specifically, the Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to 'perform physical labor which was beyond his strength, endangered his life or health, or caused undue pain.'" Morgan v. Moregensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam)) (alterations omitted).

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d

4

1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff fails to allege facts giving rise to an Eighth Amendment claim for cruel and unusual punishment. Plaintiff has failed to set forth allegations that any of the named Defendants should have realized the dangerous condition of the machine but did nothing to protect him from harm. Accordingly, Plaintiff fails to state a cognizable claim for relief and leave to amend will be granted.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed July 14, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **October 23, 2014**

UNITED STATES MAGISTRATE JUDGE