UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHMIDT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01092-SAB (PC)<br><br>ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 18] |

　　　　Plaintiff Mark Schmidt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On February 23, 2015, Plaintiff filed a second motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The fact that Plaintiff has limited access to legal materials and limited knowledge of law does not constitute extraordinary circumstances. On October 24, 2014, the Court dismissed Plaintiff's original complaint, with leave to amend, for failure to state a cognizable claim. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 25, 2015**

UNITED STATES MAGISTRATE JUDGE