UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHMIDT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUES, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01092-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>[ECF No. 19] |

Plaintiff Mark Schmidt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's first amended complaint, filed February 23, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Oscar Rodriguez, Eddie Villanueba, Clayton Nye, Larry Haws, and Jeff DeCou, as Defendants.

On August 8, 2013, Plaintiff was performing his duties under the authority of the Defendants in the furniture factory within Avenal State Prison. As he was cleaning the rollers on the glue machine, the machine "glitched" causing it to switch into run-mode. Plaintiff's left hand was grabbed and lodged between the rollers.

Medical staff from the prison was dispatched to the scene, and Plaintiff was transported to the prison's main infirmary. Plaintiff was subsequently transported to an outside medical facility. Plaintiff's injuries included a crushed left hand, and torn skin on index finger, middle finger and thumb.

On August 14, 2013, surgery was performed, and approximately 120 days later, it was determined that amputation surgery was necessary.

Approximately two days after the incident, an investigator from either Occupational Safety and Health Administration or California Prison Industry Authority investigated "numerous" accidents that were reported during a short period of time.

The investigator interviewed Plaintiff and examined the glue machine on which Plaintiff was injured. It was discovered that the glue machine failed in safety and health standard requirements and was "red tagged" (a procedure that puts the machine in a legal state of non-operative until an update investigation is approved or the tag is removed from the machine).

The investigator discovered that the process of disconnecting and bypassing lever bars and switches allowed the glue machine to glitch and switch into run mode, while Plaintiff was cleaning the machine.

Defendants Eddie Villanueba, Clayton Nye, Larry Haws, and Jeff DeCou, actions or lack of actions allowed others to "Jerry Rig" the machine with knowledge of the defects in the machine which lead to Plaintiff's injuries.

## III.

## DISCUSSION

### A. Eighth Amendment-Deliberate Indifference to Inmate Safety

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-527 (1984)). An Eighth Amendment claim entails two requirements. First, the deprivation alleged must be, objectively, "sufficiently serious"; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishment Clause, a prison official must have a "sufficiently culpable state of mind." In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety. Id. at

3

834.  A prison official is "deliberately indifferent" if the official acted or failed to act despite his knowledge of a substantial risk of serious harm.  Id. at 842.

"More specifically, the Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to 'perform physical labor which was beyond his strength, endangered his life or health, or caused undue pain.'"  Morgan v. Moregensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam)) (alterations omitted).

Based on Plaintiff's allegations in the amended complaint, Plaintiff states a cognizable claim for cruel and unusual punishment against Defendants Eddie Villanueba, Clayton Nye, Larry Haws, and Jeff DeCou.

**B.     Supervisory Liability**

Plaintiff names Oscar Rodriguez, Administrator of the California Prison Industry Authority at Avenal State Prison, as a Defendant in this action.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Defendant Oscar Rodriguez.  The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

///

///

///

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants Eddie Villanueba, Clayton Nye, Larry Haws, and Jeff DeCou for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for deliberate indifference against Defendants Eddie Villanueba, Clayton Nye, Larry Haws, and Jeff DeCou, Plaintiff may so notify the Court in writing, and the Court will dismiss the other the other claim and Defendant, and will forward Plaintiff four (4) summonses and four (4) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Eddie Villanueba, Clayton Nye, Larry Haws, and Jeff DeCou for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment; and

///
///
///
///
///
///

      3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: __**March 3, 2015**__

                                    UNITED STATES MAGISTRATE JUDGE