UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHMIDT,<br><br>  Plaintiff,<br><br>  v.<br><br>RODRIGUES, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-01092-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 36] |

Plaintiff Mark Schmidt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 17, 2015, Plaintiff filed a fourth motion for the appointment of counsel. Plaintiff previously filed three motions for the appointment of counsel, which were denied. (ECF Nos. 6, 7, 18, 20, 29, 30.)

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Plaintiff's claim that he has limited knowledge of the law and education, do not present exceptional circumstances to warrant appointment of counsel.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This action is proceeding against Defendants Villanueba, Nye, Haws, and DeCou for endangering Plaintiff's safety in violation of the Eighth Amendment.   Defendants filed an answer to the complaint on July 16, 2015.  At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's fourth motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 18, 2015**

UNITED STATES MAGISTRATE JUDGE

2