# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHMIDT,<br><br>             Plaintiff,<br><br>      v.<br><br>RODRIGUES, et al.,<br><br>             Defendants. | Case No.: 1:14-cv-01092-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR THE APOINTMENT OF COUNSEL<br><br>[ECF No. 41] |

Plaintiff Mark Schmidt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 3, 2015, Plaintiff filed a fifth request for the appointment of counsel. (ECF No. 41.)

As Plaintiff was advised in the prior four orders denying his requests for appointment of counsel, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff presents that he has "completed your last two orders to me I now strongly request that you appoint me a lawyer." (ECF No. 41, Motion at 1.) Plaintiff further states that "[d]ue to the fact that Cal PIA Supervisors didn't reply to my questions completely nor did they tell the truth." (Id.) The Court previously denied Plaintiff's four requests for counsel and nothing has substantially changed in this case since that time to change the Court's analysis. Plaintiff is proceeding against Defendants Villanueba, Nye, Haws, and DeCou for endangering Plaintiff's safety in violation of the Eighth Amendment.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Thus, the Court finds that Plaintiff's arguments, without supporting documentation, regarding his ability to obtain discovery are not exceptional circumstances warranting the appointment of counsel at this time. Accordingly, Plaintiff fifth motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **December 4, 2015**

UNITED STATES MAGISTRATE JUDGE