# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHMIDT,<br><br>    Plaintiff,<br><br>    v.<br><br><br><br><br>RODRIGUES, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01092-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANTS HAWS AND VILLANUEBA'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANTS DECOU AND NYE'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 44, 48)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Mark Schmidt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court are (1) Defendants' motion for summary judgment, filed May 3, 2016, and (2) Plaintiff's motion for summary judgment, filed May 25, 2016.

**I.**

**PROCEDURAL HISTORY**

On March 3, 2015, the Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and found that it stated a claim for damages against Defendants Eddie Villanueba, Clayton Nye, Larry Haws, and Jeff Decou for endangering Plaintiff's safety, in violation of the Eighth Amendment of the United States Constitution. (ECF No. 21.) However,

the Court found that the amended complaint did not state a cognizable claim against Oscar Rodriguez. (ECF No. 21.) The Court ordered Plaintiff to either file a second amended complaint curing the deficiencies identified or notify the Court he is willing to proceed only on his cognizable claim. (ECF No. 21.) On March 18, 2015, Plaintiff filed a notice stating he does not intend to amend and he is willing to proceed only on his cognizable Eighth Amendment claim against Defendants Eddie Villanueba, Clayton Nye, Larry Haws, and Jeff Decou. (ECF No. 22.)

On March 19, 2015, the Court dismissed Defendant Oscar Rodriguez from the action and ordered that service shall be initiated on Defendants Eddie Villanueba, Clayton Nye, Larry Haws, and Jeff Decou. (ECF No. 23.)

On May 3, 2016, Defendants filed a motion for summary judgment or, in the alternative, summary adjudication of issues. (ECF No. 44.) On May 25, 2016, Plaintiff filed a motion for summary judgment or, in the alternative, summary adjudication of issues. (ECF No. 48.)[1]

## II.

## LEGAL STANDARDS

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R.

---

[1] The Court notes that the parties did not file oppositions to the motions for summary judgment. However, liberally construing Plaintiff's motion for summary judgment, it is in opposition to Defendants' motion for summary judgment. Although the parties request summary adjudication of issues as an alternative to summary judgment, they do not specify any issues that they seek the Court to adjudicate. Based upon the parties' arguments and the evidence in this action, the Court issues the instant finding and recommendations.

Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In resolving cross-motions for summary judgment, the Court must consider each party's evidence. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011). Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

In arriving at this recommendation, the Court has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts, and other papers filed by the parties unless otherwise specified. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### III.

### DISCUSSION

#### A.   Summary of Plaintiff's First Amended Complaint

On August 8, 2013, Plaintiff was performing his duties under the authority of the Defendants. As he was cleaning the rollers on the glue machine, the machine "glitched" which caused it to switch into run-mode. Plaintiff's left hand was grabbed and lodged between the rollers.

3

Medical staff from the prison were dispatched to the scene, and Plaintiff was transported to the prison's main infirmary. Plaintiff was subsequently transported to an outside medical facility. Plaintiff's injuries included a crushed left hand, and torn skin on his index finger, middle finger and thumb.

On August 14, 2013, surgery was performed, and approximately 120 days later, it was determined that amputation surgery was necessary.

Approximately two days after the incident, an investigator from either Occupational Safety and Health Administration or California Prison Industry Authority investigated "numerous" accidents that were reported during a short period of time.

The investigator interviewed Plaintiff and examined the glue machine on which Plaintiff was injured. It was discovered that the glue machine failed in safety and health standard requirements and was "red tagged" (a procedure that puts the machine in a legal state of non-operation until an update investigation is approved or the tag is removed from the machine).

The investigator discovered that the process of disconnecting and bypassing lever bars and switches allowed the glue machine to glitch and switch into run mode, while Plaintiff was cleaning the machine.

Defendants Eddie Villanueba, Clayton Nye, Larry Haws, and Jeff Decou's actions or lack of actions allowed others to "jerry rig" the machine with knowledge of the defects in the machine which lead to Plaintiff's injuries.

**B. Undisputed Facts as to Defendants Villanueba, Decou, and Nye Only [2]**

1. At all relevant times, Defendant Villanueba was the Superintendent II of the Prison Industry Authority ("PIA") furniture factory at Avenal State Prison ("ASP").

---

[2] Although Plaintiff submitted his own motion for summary judgment, Plaintiff did not file his own statement of undisputed facts and he failed to submit a declaration with his motion for summary judgment and the motion is not signed under penalty of perjury. Plaintiff also failed to (1) reproduce the facts itemized in Defendants' statement of undisputed facts; (2) admit each of Defendants' facts that he does not dispute; (3) deny each fact that he disputes; and (4) include with each denial a citation to specific evidence that supports his denial. Local Rule 260(b). Therefore, Defendants' statement of undisputed facts as to Defendants Villanueba, Decou, and Nye, and Defendants' statement of undisputed facts as to Defendant Haws, are accepted except where brought into dispute by Plaintiff's verified first amended complaint. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).

2. At all relevant times, Defendant Nye was the Superintendent I of the PIA furniture factory at ASP.

3. At all relevant times, Defendant Decou was the Mill Two Supervisor of the PIA furniture factory at ASP.

4. Defendants Villanueba, Decou, and Nye were not Plaintiff's supervisors on August 8, 2013.

5. At all relevant times, Plaintiff was an inmate employed at the ASP furniture factory.

6. On August 8, 2013, while cleaning a Black Brothers Adhesive Spreader ("glue machine") with a small scouring pad at the ASP furniture factory, Plaintiff injured his left hand when it became lodged between the rollers.

7. Defendants Decou and Nye did not have any personal involvement with the accident that led to Plaintiff's left hand injury.

8. The only reason Plaintiff named Villanueba, Decou, and Nye as Defendants is because he relied on the "Jailhouse Lawyers Manual" which suggested that he should sue all individuals in the chain of command.

9. Plaintiff acknowledged and signed the PIA Code of Safe Practices on May 1, 2013, which indicated that he was not supposed to clean the glue machine while the rollers were turning.

**C.     Undisputed Facts as to Defendant Haws Only**

1. At all relevant times, Defendant Haws was the Mill One Supervisor in the ASP furniture factory and was Plaintiff's supervisor.

2. On August 8, 2013, Plaintiff did not see or speak with Defendant Haws.

3. Plaintiff was aware that there was a brush with a long handle designed to clean the glue machine that was available, but he did not use it on August 8, 2013.

4. Plaintiff knew that he could have used a long-handle brush to clean the glue machine, but he chose not to, in violation of safety protocol.

5. Plaintiff failed to follow the safety protocol (use of a longer brush with a handle)

5

when cleaning the glue machine on August 8, 2013.

### D. Plaintiff's Motion for Summary Judgment

Plaintiff bears the burden of proof at trial. To prevail on his motion for summary judgment against Defendants, Plaintiff must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). If Plaintiff meets his initial burden, Defendants are required to set forth specific facts showing there is a genuine issue for trial.

First, Plaintiff did not comply with Local Rule 260(a), which requires that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact."

Second, the evidence submitted by Plaintiff and by Defendants shows that there is a genuine dispute of a material fact. Although the Court may consider a verified complaint as evidence for purposes of summary judgment, in this instance, Defendants submit their own summary judgment motion, along with declarations and evidence that demonstrate that there is genuine issue of material fact on Plaintiff's claims against Defendants Haws and Villanueba, as discussed below. The evidence in the record does not support a finding of an Eighth Amendment violation entitling Plaintiff to summary judgment in his favor against Defendants Decou and Nye. In fact, as discussed below, the evidence supports granting summary judgment in Defendants' Decou and Nye's favor. Accordingly, Plaintiff's motion for summary judgment should be denied.

### E. Defendants' Motion for Summary Judgment

Defendants' motion in favor of summary judgment can be broken down into two arguments. First, Defendants argue that Plaintiff fails to meet both the objective and subjective prongs of the Eighth Amendment standard. Second, Defendants argue that they are entitled to qualified immunity.

///

1.  Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement, although not every injury a prisoner sustains while in prison represents a constitutional violation. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). A prisoner must show that the deprivation suffered was objectively, sufficiently serious. Farmer, 511 U.S. at 834 (quotation marks and citations omitted). The plaintiff must establish that prison officials were deliberately indifferent to a substantial risk of harm to plaintiff's health or safety to state an Eighth Amendment claim. Farmer, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate … safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995) (quoting Farmer, 511 U.S. at 837). A plaintiff may prove defendant's knowledge of the risk by inferences from circumstantial evidence and the obviousness of the risk. Farmer, 511 U.S. at 842.

The Ninth Circuit has established that "the Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to 'perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain." Morgan, 465 F.3d at 1045 (quoting Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam); citing Wallis v. Baldwin, 70 F.3d 1074 (9th Cir. 1995)).

The Ninth Circuit has found that a plaintiff states an Eighth Amendment claim when he is injured from a safety hazard in an occupational area, the dangerousness of which was exacerbated by another condition or factor. Morgan, 465 F.3d at 1047 (holding that plaintiff stated an Eighth Amendment claim as a prisoner who told his supervisor about a problem with a defective printing press while he was working at a prison job, but his supervisor forced him to keep working); Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985) (citations omitted) (finding that "safety hazards found throughout the penitentiary's occupational areas, exacerbated

1  by the institution's inadequate lighting, seriously threaten the safety and security of inmates and
2  create an unconstitutional infliction of pain"); accord Gill v. Mooney, 824 F.2d 192, 195 (2d Cir.
3  1987) (finding that plaintiff stated a claim when defendant had ordered plaintiff to keep working
4  even after being told that the ladder was unsafe.)

5       In support of their argument that they did not violate Plaintiff's Eighth Amendment
6  rights, Defendants cite to two Eighth Circuit cases that involve inmates who were injured
7  working machines at prisons and brought suing against prison officials alleging deliberate
8  indifference.  See Bibbs v. Armonstrout, 943 F.2d 26 (8th Cir. 1991); Warren v. Missouri, 995
9  F.2d 130 (8th Cir. 1993).

10       In Bibbs, the plaintiff alleged that he was injured because of the removal of a guard that
11  created a risk of hazard to plaintiff and that officials had actual knowledge of the dangerous
12  condition.  Bibbs, 943 F.2d at 26-27.  However, the Eighth Circuit found that plaintiff's
13  allegations are "in essence that he was injured because of the prison officials' negligence in
14  ignoring the condition of machines in the license plate plant." Id. at 27.  The Eighth Circuit held
15  that plaintiff did not point to any evidence that the prison officials knew about the unsafe
16  condition or that they willfully overlooked the condition, so plaintiff could not prevail on his
17  Eighth Amendment claim.  Id.

18       In Warren, the plaintiff injured his wrist when a board kicked back from an industrial
19  table saw he was operating in a prison's furniture factory.  Warren, 995 F.2d at 130.  Plaintiff
20  alleged that prison officials were deliberately indifferent to his safety because they knew about
21  similar prior injuries and failed to equip the saw with anti-kickback fingers.  Id.  The Eighth
22  Circuit affirmed the district court's granting of summary judgment to defendants on the basis of
23  qualified immunity on the unsafe work place claim.  Id. at 130-31.  The defendants submitted
24  affidavits that there had been a variety of accidents, many of them minor, and prison officials had
25  tried to determine whether the saws were in proper condition when the accidents occurred.  Id. at
26  131.  The Eighth Circuit found that even if defendants had knowledge of allegedly similar prior
27  accidents, this did not create a genuine issue of material fact on the deliberate indifference to
28  work place safety claim.  Id. at 131.

Here, in their discussion of the objective prong, Defendants point out that Plaintiff was working for PIA voluntarily. Although Plaintiff was working for PIA voluntarily, Defendants still may be liable under the Eighth Amendment for cruel and unusual punishment. See Morgan, 465 F.3d at 1045 (holding that once a prisoner "is employed and not in a position to direct his own labor, his supervisors are not free to visit cruel and unusual punishments upon him"). Therefore, the fact that Plaintiff was working for PIA voluntarily does not, alone, entitle Defendants to summary judgment. A defendant must still act constitutionally.

In support of their argument that the subjective prong is not met, Defendants contend that they did not have sufficiently culpable minds and that their actions amount to negligence, at best. The accident here occurred when Plaintiff was cleaning the glue machine, which had disconnected and bypassed lever bars and switches, while using a tool that was not part of the protocol for cleaning the glue machine. Plaintiff alleges that the process or disconnecting or bypassing the lever bar and switches allowed the glue machine to glitch in the clean mode and switch into run mode. (First Amended Complaint ("FAC") at ¶ 25, ECF No. 19.)

Plaintiff points to the August 16, 2013 CALPIA letter from Tom Foxx to Scott Walker and the September 10, 2013 CALPIA letter from John Walker to Scott Walker, as proof that the glue machine was in a defective, unsafe condition. (ECF No. 48 at 2-8.)[3] Mr. Foxx found that the one of the two electronic interlocking safety devices of the glue machine had been rendered inoperative by modifying and eliminating essential control parts and one of two access panels (Gear Guard) had been removed from the operator side of the machine. (ECF No. 48 at 3.) John Walker noted that 2 direct and 1 indirect safety mechanisms had been removed and bypassed from the glue machine. (ECF No. 48 at 7.) However, the fact that the machine was deemed to be operating in an unsafe manner after the accident, does not, alone, demonstrate an Eighth Amendment violation, because it does not show that Defendants had knowledge about the unsafe condition of the machine prior to the incident.

All of the Defendants declare that they did not allow the inmates to continue working on

---

[3] References to page numbers are the ECF page numbers at the top right corner of the pages of documents filed in ECF.

1 any machines at the furniture factory at ASP which they knew had safety defects. (Eddie
2 Villanueba April 26, 2016 Decl. at ¶ 9, ECF No. 44 at 18; Larry Haws April 25, 2016 Decl. at ¶
3 9, ECF No. 44 at 21; Jeff Decou April 26, 2016 Decl. at ¶ 9, ECF No. 44 at 24; Clayton Nye
4 April 29, 2016 Decl. at ¶ 9, ECF No. 44 at 28.)

5      Plaintiff alleges that Defendants Haws and Decou assigned him to the glue machine and
6 that he was performing his duties under their authority. (FAC at ¶¶ 13, 14.) However, Plaintiff
7 testified during his deposition that the inmate operating the machine, inmate Burke, also known
8 as Rook, asked him to clean the machine. (Schmidt Depo. 13:18-16:8.)[4]

9      Plaintiff makes a general allegation that supervisors gave the approval to inmate
10 maintenance workers to bypass the malfunctioning parts of the machinery so that productivity
11 could resume. (FAC at ¶ 31.) Specifically, Plaintiff states that he heard from inmates that
12 Defendant Villanueba told Defendant Haws that new parts were not in the budget and to fix the
13 machines in the shop in any manner he could to make them work. (FAC at ¶ 27; Schmidt Depo.
14 43:23-44:10.) The machines included the glue machine that Plaintiff was injured on and other
15 machines that were later red tagged by Mr. Foxx. (FAC at ¶ 27.) The following exchange
16 occurred during Plaintiff's deposition:

> Q. And, also, supposedly Mr. Villanueba would have told, according to - - this is your Complaint, paragraph 27, "Mr. Villanueba told Larry Haws, 'Fix the machines any way you can make it work. The new parts were not in the budget.'"
> Did you actually - -
> A. I've heard that several times, yes, but I didn't hear it from - - those particular words - -
> Q. Right.
> A. - - I didn't hear it from neither one of those people.
> Q. Okay.
> A. Those came from inmates. Now, maintenance - -
> Q. Gotcha.
> A. - - worker himself, you know - -

24 (Schmidt Depo. 43:23-44:12.) In response to a subsequent question, Plaintiff referred to a

---

[4] Defendants point to certain sections of Plaintiff's deposition in their motion for summary judgment and attach sections of Plaintiff's deposition to the motion for summary judgment. The Court notes that when Defendants were directed to lodge Plaintiff's deposition with the Court, Defendants lodged only the complete transcript of Plaintiff's first deposition. The Court notes that it does not rely on the sections of the second deposition attached to Defendants' motion for summary judgment in reaching these findings and recommendations, nor would those sections alter these findings and recommendations.

maintenance worker named Martin. (Schmidt Depo. 44:23-45:9.) Based upon the sequence of questions and answers, the Court can deduce that Plaintiff may have been referring to inmate maintenance worker Martin as the person who told him Defendant Villanueba's statement.

Plaintiff also alleges that he heard Defendant Haws tell inmate maintenance workers to fix the machines in any manner it took to keep the machines in work productivity mode. (FAC at ¶ 28; Schmidt Depo. 44:13-22, 45:2-47:17.) This included the glue machine that Plaintiff was injured on and other machines that later were red tagged by Mr. Foxx. (FAC at ¶ 28; Schmidt Depo. 44:13-47:17.) Plaintiff testified that the maintenance man, who he believed was inmate Martin, had told him the night before that it was fixed. (Schmidt Depo. 16:10-20.) Therefore, Plaintiff has proffered evidence that Defendants Villanueba and Haws were aware that there was an unsafe condition with the glue machine and wanted the glue machine to be fixed in any manner necessary or "jerry rigged" so the glue machine could run and then had inmates work on the glue machine.[5]

Although Defendants argue that Plaintiff's failure to use a long handle brush to clean the glue machine is the reason for his accident and that Plaintiff was trained in how to properly clean the glue machine, this does not preclude Plaintiff's Eighth Amendment claim from going forward. The Court notes that Plaintiff has presented evidence showing that there is a factual dispute regarding whether Plaintiff was trained how to properly clean the machine. Mr. Foxx's September 10, 2013 letter states that "adequate training and documentation was not available for either inmate worker [and] the codes of safe work practices are not adequate." (ECF No. 48 at 4.) Mr. Foxx also stated that "[b]y 'self-admission' the supervisor (Mr. Haws), was not familiar with this machines specific safety devices, and had not provided training to either inmate worker and was not able to oversee each operation due to time restraints involving other duties." (ECF No. 48 at 4.) John Walker's September 10, 2013 letter states that training for the operator and helper inmate workers had not been adequately provided or documented and Defendant Haws admitted and it was evident that there was not functional supervision of equipment and workers

---

[5] The Court does not express an opinion about the admissibility or competence of this evidence supporting Plaintiff's claim in its current form. In order to prevail at trial, Plaintiff must present competent, admissible evidence pursuant to the Federal Rules of Evidence to support his claim.

1  on the date of the incident. (ECF No. 48 at 7.) During Plaintiff's deposition he testified that he
2  was not trained in cleaning the machine and that he did not read the initial paperwork and just
3  initialed it. (Schmidt Depo. 19:1-21:4, 48:22-49:23, 51:8-52:7.)

4        There also is a factual dispute regarding the extent, if any, Plaintiff's own actions caused
5  or contributed to his injury as there is evidence that the accident was, at least partially, caused by
6  the unsafe condition of the machine. Plaintiff has presented evidence that the accident resulted
7  from an unsafe condition of the machine because it was operating "without the essential guards
8  (Roll Nip and Gear Guards) and safety devices (Electrical Interlock) in place and against
9  operation protocol," in addition to several other contributing factors. (ECF No. 48 at 4.) To the
10 extent Plaintiff's version of events lack credibility and/or is undermined by some of the facts
11 presented, that evaluation must be made by the jury. See, e.g., Cortez v. Skol, 776 F.3d 1046,
12 1053 (9th Cir. 2015); Bravo v. City of Santa Maria, 665 F.3d 1076, 1083 (9th Cir. 2011).

13       Based on the evidence in the record from Plaintiff and Defendants there is a genuine
14 dispute of fact regarding whether Defendants Haws and Villanueba were told about the problem
15 with the glue machine, whether Defendant Haws told workers to fix the glue machine in any
16 manner to keep the glue machine in productivity mode, whether Defendant Villanueba told
17 Defendant Haws that new parts were not in the budget and to fix the machines in the shop in any
18 manner he could to make them work, and whether they had inmates keep working on the
19 defective glue machine, and therefore, whether they were deliberately indifferent to the risk that
20 Plaintiff would harm himself in using the glue machine. See Morgan, 465 F.3d at 1043.

21       In support of their argument that they are not liable, Defendants Villanueba, Decou and
22 Nye assert in their undisputed facts that they were not Plaintiff's supervisors on the date of the
23 accident and that they did not have any personal involvement with the accident. (ECF No. 44 at
24 14.) Plaintiff did admit during his deposition that only Defendant Haws was his direct
25 supervisor. (Schmidt Depo. 57:13-22.) Plaintiff testified during his deposition that he only sued
26 the other three remaining Defendants because of information in the Jailhouse Lawyers Manual
27 regarding naming the chain of command. (Schmidt Depo. 57:20-59:3.) Plaintiff testified during
28 his deposition that Defendants Villanueba, Decou, and Nye did not have any personal

involvement with Plaintiff in this accident in the sense that he could say "[y]eah, it's his fault." (Schmidt Depo. 58:23-59:3.) Near the end of Plaintiff's October 16, 2015 deposition, when Plaintiff was asking Defendants' counsel why they could not reach a settlement, Plaintiff said, "[y]ou and I both know the only real person involved in this whole thing is Mr. Haws." (Schmidt Depo. 65:16-66:7.) Although Plaintiff admitted during his deposition that Defendant Villanueba did not have any personal involvement with the accident, the allegations in Plaintiff's first amended complaint and Plaintiff's deposition testimony are enough to link Defendant Villanueba to Plaintiff's deliberate indifference claim to survive summary judgment.

Viewing the evidence in the light most favorable to Plaintiff, Defendants Decou and Nye are, at most, negligent. Plaintiff alleges in his first amended complaint that Defendant Nye knew and recognized safety and health standards related to furniture factory equipment and that he tried to order new parts for the machinery, so that led to knowledge of the "jerry rigging" of the machinery. (FAC at ¶ 29.) However, the fact that Defendant Nye tried to order new parts for the machinery and was familiar with machinery is not sufficient to show that he knew about the "jerry rigging" of the machinery or that it was being used by inmates in an unsafe condition. Plaintiff alleges in the first amended complaint that Defendant Decou made a rude statement after the accident, that he knew the unsafe condition of the glue machine and still had employees work with the machine, and that he had assigned Plaintiff to the glue machine and Plaintiff was working under his authority. (FAC at ¶¶ 13-14, 30.) However, a rude statement after the accident, Plaintiff's statement that he was assigned by Defendant Decou to the glue machine and was working under his authority, and Plaintiff's conclusory statement that Defendant Decou knew about the unsafe condition of the glue machine are not sufficient to survive Defendant Decou's motion for summary judgment. Plaintiff alleges that they should have been aware, but that is not sufficient to show that Defendant Decou or Defendant Nye violated the prisoner's Eighth Amendment rights. See Gill, 824 F.2d at 195. Therefore, there are no allegations in the first amended complaint or other evidence in the record that create genuine dispute of fact as to whether Defendants Decou and Nye actually knew about the unsafe condition of the glue machine, and therefore whether they were deliberately indifferent to the risk that Plaintiff would

harm himself in using the glue machine.[6] Accordingly, the Court recommends that Defendants Decou and Nye's motion for summary judgment be granted.[7]

### 2. Qualified Immunity

Defendants Villanueba and Haws also argue that they are entitled to qualified immunity. The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine if an official is entitled to qualified immunity the court uses a two part inquiry. Saucier v. Katz, 533 U.S. 194, 200 (2001). The court determines if the facts as alleged state a violation of a constitutional right and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. Saucier, 533 U.S. at 200.

The district court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't. 556 F.3d 1075, 1085 (9th Cir. 2009)). In deciding whether officials are entitled to qualified immunity, the court is to view the evidence in the light most favorable to the plaintiff and resolve all material disputes in the favor of the plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003). Regarding the second step of the inquiry, "[f]or a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable officer would understand that what he/she is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002). While the

---

[6] Although the claims in Plaintiff's first amended complaint are based upon Defendants allowing the glue machine to be "jerry rigged," the Court also notes that there are no allegations or other evidence in the record that create a triable issue of fact as to whether Defendants Decou and Nye were deliberately indifferent because they knew that Plaintiff was not trained on cleaning the glue machine and that he was going to clean it.

[7] Because the Court finds that Defendants Decou and Nye's motion for summary judgment should be granted on the merits of Plaintiff's Eighth Amendment claim, the Court addresses only whether Defendants Haws and Villanueba are entitled to qualified immunity.

reasonableness inquiry may not be undertaken as a broad, general proposition, neither is official action entitled to protection "unless the very action in question has previously been held unlawful." Hope, 536 U.S. at 739. "Specificity only requires that the unlawfulness be apparent under preexisting law," Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) (citation omitted), and prison personnel "can still be on notice that their conduct violates established law even in novel factual circumstances," Hope, 536 U.S. at 741.

Here, Defendants Villanueba and Haws asserts that they are entitled to qualified immunity because they did not violate Plaintiff's rights and it was not clearly established that negligently maintained facilities amounted to a constitutional violation. However, as discussed above, Plaintiff has raised a genuine issue of material fact as to whether Defendants Villanueba and Haws acted with deliberate indifference, instead of mere negligence. Given the disputes as to what knowledge Defendants Villanueba and Haws had about the unsafe and defective conditions of the glue machine and whether Defendant Villanueba and Haws required inmates to continue working on it after having maintenance workers "jerry-rig" it, the Court cannot find as a matter of law that it would have been unclear to Defendants Villanueba and Haws that their conduct was unlawful. See Morgan, 465 F.3d at 1047; Hoptowit, 753 F.2d at 784. In this instance, triable issues exist as to the safety hazard of the glue machine, and whether the dangerousness was exacerbated after the prison officials had inmate maintenance workers "jerry-rig" the machine so it could operate and then had inmates work on it. In light of established law at the time of the incident, it was clearly established that having Plaintiff work on a dangerous machine in the circumstances alleged here would be a violation of his Eighth Amendment rights. The Court reiterates that to the extent Plaintiff's version of events lack credibility and/or is undermined by some of the facts presented, that evaluation must be made by the jury. See, e.g., Cortez, 776 F.3d at 1053; Bravo, 665 F.3d at 1083.

Therefore, the Court recommends that Defendants Villanueba and Haws's motion for summary judgment be denied.

///

///

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment be denied;

2. Defendants Villanueba and Haws's motion for summary judgment be denied; and

3. Defendants Decou and Nye's motion for summary judgment be granted.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834a, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 3, 2017**

UNITED STATES MAGISTRATE JUDGE